Case 64.—ACTION BY JAMES A. SHUTTLEWORTH AGAINST
SAMUEL P. MYER FOR RELIEF FROM CONTRACT ON
THE GROUND OF FRAUD OR MISTAKE.—May 17.

## Shuttleworth v. Myer.

Appeal from Jefferson Circuit Court, Chancery
Branch, First Division.

SHACKLEFORD MILLER, Judge.

Judgment for defendants. Plaintiff appeals. Affirmed.

### Contracts—Limitation—Consideration—Warranty.

1. Contracts—Where it is clearly stated in a contract that the
considerations for transfer of designated property are services
and assistance to be thereafter rendered, a purchaser from
one under such contract must have known that he took only
their rights, and he should have inquired what they were
and what the contract was in this regard.
2. Same—Limitation of actions—The appellant under the contract
relied on in this action only bought one-half of appellees'
rights whatever these rights might turn out to be, and there
can not be an implied warranty from this contract that appellees owned one-half of the property referred to, and his
cause of action not having been instituted within ten years
after the cause of action accrued, his action to recover upon
the contract was barred by limitation.
3. Same—While there is some conflict of authority as to whether
there is an implied warranty of title in the sale of a chattel
not in possession of the vendor, there certainly is no implied warranty in the sale merely of the rights of a person
under a contract where the contract shows on its face that
the considerations of the contract are services to be performed in the future.

SIMRALL & DOOLAN for appellant.

### POINTS AND AUTHORITIES.

1. Under the written contract of assignment to Shuttleworth
there was an implied warranty of title to the thing assigned.

Shuttleworth v Myer.

(Benjamin on Sales, 4 Am. Ed., 612; American & Eng. Ency. of Law, vol. 28, p. 739, 743; American & Eng. Ency. of Law, vol. 10, p. 123; American & Eng. Ency. of Law, vol. 10, pp. 117 to 122; Schouler, P. P., sec. 378, 2d Ed.)

2. This was not a sale of real estate, but a chattel interest. (Am. & Eng. Ency. of Law, vol. 3, p. 164.)

3. Claim is not barred by limitation, because the implied warranty of title is made by operation of law a part of the written contract, and the fifteen years' statute applies. (Am. & Eng. Ency. of Law, vol. 28, pp. 738, 739 and 796; Benjamin on Sales (4 Am. Ed.), sec. 610; Bishop on Contracts (Enlarged Ed.), sec. 241; Am. & Eng. Ency. of Law, vol. 10, pp. 85, 86, 109; 2d Schouler, P. P., 2d Ed., sec. 328; Louisville v. McNaughton, 24 Ky. Law Rep., 1153; Louisville v. Gleason, 24 Ky. Law Rep., 1491.)

O'NEAL & O'NEAL for appellees.
RECAPITULATION.

1. If there was fraud imputable to Myer, the action is barred by limitation, as appellant knew of the fraud more than ten years before the institution of this action.

2. Myer is not chargeable with the fraud of Harmon in the absence of evidence of authority to commit such fraud, or in the absence of evidence that Myer received the benefits of the fraud and thus ratified it.

3. There was no implied warranty, but if there was such warranty the cause of action arising thereon was barred by five years.

4. No warranty is ever implied in the sale of a chattel unless the chattel is in the possession of the vendor.

5. There was no failure of title as Myer had a perfect right to sell. Appellant's cause of action arose out of a fraud subsequently perpetrated by Harmon, and he should look to Harmon and not Myer, who neither authorized nor profited by the fraud.

6. The appellant has been guilty of gross laches. It would be against equity and good conscience to permit him after the expiration of ten years, and after the death of Myer, and after the distribution of his estate among his children, and when the whole burden might fall on one or two of his children, now to assert this claim.

AUTHORITIES CITED.

Shuttleworth v. The Kentucky Coal, &c., Company, 22 Ky. Law Rep., 1807; 3 Minor's Inst., 2d Ed., 265; City of Louisville v. McNaughton, 24 Ky. Law Rep., 1153; City of Louisville v. Gleason, 24 Ky. Law Rep., 1491.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

On January 28, 1890, the following contract was made between E. H. Patterson and Joseph H. Allen, of the one part, and Archer Harmon and Samuel P. Myer, of the other part:

"Louisville, Ky., Jan. 28, 1890. This contract witnesseth: That whereas, we, E. H. Patterson and J. H. Allen are owners of not less than two-thirds interest in all the property rights and benefits derivable therefrom based on and accruing from all contracts in the name of said Patterson as trustee for the purchase of land in Owsley, Clay, Lee and Perry and other counties in southeastern Kentucky, now made or hereafter to be made, aggregating about 100,000 acres and located on the waters of the Red Bird Fork of the Kentucky River, and whereas said Patterson and Allen desire the services and assistance of S. P. Myer and Archer Harmon in effecting sales of said lands and property rights to others or in otherwise realizing and making profits thereon: Now, in consideration of one dollar in hand paid to us, and of the services and assistance of said Myer and Harmon, to be by them rendered in effecting the above purposes, which service and assistance they hereby agree to render, we, said Patterson and Allen, hereby transfer and assign to said Myer and Harmon, their heirs and assigns, one-half of all the rights and interest of us, said Patterson and Allen now or hereafter owned by us, in and under all of said contracts made or to be made in the name of said Patterson, trustee, and of all benefits and profits realized thereon, or accruing thereon, by a transfer of said contracts or sale of said lands or property rights, or in any other manner. Witness our signatures and the signatures of said Myer and Harmon this day above

written. [Signed] E. H. Patterson, trustee, Joseph H. Allen. Archer Harmon, for himself and S. P. Myer. Witness, J. B. Kelly.''

On the same day, in consideration of $6,000 in hand paid by James A. Shuttleworth, Myer and Harmon executed the following contract to James A. Shuttleworth and James G. Givens:

''Louisville, Ky., Jan. 28, 1905. For value received, we, S. P. Myer and Archer Harmon, hereby assign and transfer to James G. Givens and James A. Shuttleworth one-half of all our rights, interests and benefits, now or hereafter accruing under and by virtue of a contract on this date between us and E. H. Patterson and J. H. Allen for certain interests under contracts for the purchase of lands in southeastern Kentucky now or hereinafter made in the name of said Patterson as trustee of which contracts between us and said Patterson and Allen a copy is given above and made a part hereof for greater certainty. [Signed] S. J. Myer. Archer Harmon. Witness, Wm. Ayers.''

Some time after this Patterson, as trustee, sold out the holdings referred to in the above contracts to a New York corporation known as the Kentucky Coal, Iron and Development Company for $456,199.95, and, Harmon having brought suit against Patterson as trustee, and the Kentucky Coal, Iron and Development Company for one-sixth of the fund arising from the sale, Suttleworth appeared in that suit, and set up his contract, and claimed one-sixth of the property. He was denied any relief for the reason that on the same day that the contract first above quoted was made, and at the same time, there was another writing signed in which it was stipulated what Harmon and Myer were to do. In this writing it was provided that Patterson might in six months notify

them that he declined their proposition, and that in that event the contract should be null and void. Patterson did so notify them, and canceled the contract, and it was held that Shuttleworth took nothing by his assignment. (Shuttleworth v. Ky. Coal, Iron & Development Company, 60 S. W., 534, 22 Ky. Law Rep., 1341.) In response to the petition for rehearing in that case this court pointed out that the contract made by Patterson and Allen with Myer and Harmon showed on its face that it was in consideration of services and assistance to be rendered by them, thus giving notice that they had not paid the consideration, and putting a purchaser on notice to inquire what the contract really was on their behalf. (61 S. W., 1013, 22 Ky. Law Rep., 1866.) Shuttleworth having been defeated in that case, brought this suit against the representatives of Myer on the 21st day of April, 1903, to recover the $6,000 which he had paid on the ground that there was an implied warranty of title in the sale to him by Myer and Harmon, and that, they having no title, he should recover upon the implied warranty the amount of the consideration, with interest. The defendants pleaded limitation, and, the court having sustained the plea and dismissed the action, the plaintiff appeals.

An action for relief for fraud or mistake can not be brought more than ten years after the perpetration of the fraud or the making of the mistake, and so the plaintiff is confessedly barred by limitation, unless he can bring his case within the fifteen-year statute applying to suits on a written contract. This he insists he has done by reason of the fact that the contract between him and Myer and Harmon was in writing, signed by the parties; and that, as the subject-matter of the contract was certain land options, which, under the statute, must be regarded as per-

sonal property, there was an implied warranty of title on the part of Myer and Harmon in the sale to him shown by the written contract. The only question necessary to be decided in the case is whether a warranty of title may be implied from the written contract.

It will be observed that the contract made by Myer and Harmon with Shuttleworth only assigns to Givens and him one-half of their rights under the contract which they had made on the same day with Patterson and Allen, and a copy of that contract is expressly made a part of the contract with Givens and Shuttleworth. It will also be observed that in the contract made by Patterson and Allen with Myer and Harmon it is clearly stated that the consideration for the transfer is services and assistance to be thereafter rendered by Myer and Harmon. What these services and assistance were to be are not shown by either of these writings, but clearly Myer and Harmon could have demanded nothing by virtue of their contract if they failed to render the services agreed on. A purchaser from them must have known that he took only their rights, and he should have inquired what they were to do, and what was the contract in this regard. It was reasonable from the paper that there was some agreement between the parties on the subject. In a matter of this magnitude it should have been presumed that the agreement was in writing; and, however this may be, the purchaser was notified that services and assistance were to be rendered in the future by Myer and Harmon, and therefore he knew, or must be charged with knowing, that they were selling a right which they were thereafter to perfect. There is some conflict in the authorities as to whether there is an implied warranty of a chattel not in the possession of the ven-

dor, but certainly there can be no implied warranty in the sale merely of the rights of a person under a contract when the contract shows on its face that he is to perform services in the future as the consideration of the contract. The written contract between Myer and Harmon of the one part and Givens and Shuttleworth of the other part only transferred to the latter one-half of their rights interests, and benefits then or thereafter accruing, under the contract between them and Patterson and Allen. There can not, in the nature of the case, from this contract, be an implied warranty that they owned half of the property referred to. They simply sold one-half of their rights, whatever these rights might turn out to be. The rule is that the implication or presumption of a warranty of title in the sale of a chattel is a disputable, not a conclusive, presumption, and only arises where there is nothing in the circumstances to show the contrary. It is never indulged where it appears that the vendor only sold his interest in or right to the chattel. Freeman's note to Scott v. Hix, 62 Am. Dec., 463-466. When the consideration for the contract failed, an action might have been maintained by Shuttleworth on the implied assumpsit to recover the amount paid by him, with interest, if begun within five years after the cause of action accured; but this action, not having been instituted within ten years after the cause of action accured, was barred by limitation.

Judgment affirmed.

Petition by appellant for rehearing overruled.